THE PERSHING HOTEL CO., INC., v. C. E. STARK.

165 So. 897.

Division B.

Opinion Filed February 21, 1936.

Order Entered March 26, 1936.

*Thomas H. Anderson,* for Appellant;

No appearance for Appellee.

PER CURIAM.—Final decree for closing tax sale certificate was entered on May 25th, pursuant to decree *pro confesso* entered on the same day. Sale under final decree was made on July 2nd, 1934. Order confirming sale was made August 15th, 1934. Petition to vacate final decree and order confirming sale was made and denied November 13th, 1934. On the same day, November 13th, 1934, entry of appeal from final decree, order confirming sale and order denying petition to vacate and set aside final decree and confirmation of sale was made and recorded.

The final decree recites:

"This cause coming on for final hearing upon the Bill of Complaint, the decree *pro confesso,* the record and proofs herein, and the Court having considered the same, finds as follows:"

The certificate of the Clerk of the Court by a deputy recites:

"There is no affidavit of proof of claim attached to the above motion for Final Decree, and there is no record on file in my office of any oral or documentary evidence or testimony in this cause."

This certificate of the Clerk is not sufficient to overcome the recitation of the Chancellor that the decree was entered among other things on "proofs."

The record fails to affirmatively show that all evidence required to support every phase of the decree was not taken orally before the Chancellor under Section 45 of the 1931 Chancery Practice Act.

We find no reversible error disclosed by the record; so the decree and orders appealed from should be affirmed.

It is so ordered.

ELLIS, P. J., and TERRELL, and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.

PER CURIAM.—Whereas it appears that the order made by the Chancellor in the above styled cause denying Petitioner's motion to vacate final decree and also to vacate order confirming sale was made without prejudice to the right of Petitioner to institute a new suit challenging the jurisdiction of the Court to enter such final decree and order confirming sale, the order entered in this Court on February 21, 1936, affirming the order of the Chancellor above

28

referred to shall also be deemed and held to be without prejudice to the Petitioner to file a new suit challenging the jurisdiction of the Court to enter the final decree and order complained of.

So ordered.

ELLIS, P. J., and TERRELL, and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.